1
2
3
4
5
6

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
Email: mmatern@maternlawgroup.com
TAGORE O. SUBRAMANIAM (SBN 280126)
Email: tagore@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

7
8

Attorneys for Plaintiff IVONNE MONCERAT
AVILA, individually, and on behalf of others
similarly situated

9

UNITED STATES DISTRICT COURT

10

FOR THE CENTRAL DISTRICT OF CALIFORNIA

11
12
13

14

15
16
17
18
19
20
21
22
23
24
25
26
27
28

IVONNE MONCERAT AVILA, an
individual, and on behalf of others
similarly situated

Plaintiff,

vs.

SWISSPORT SA, LLC, a limited
liability company; SWISSPORT USA,
INC., a corporation; and DOES 1
through 50, inclusive,

Defendants

CASE NO.:

**CLASS ACTION
COMPLAINT FOR:**
1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**COLLECTIVE ACTION
COMPLAINT FOR:**
10. Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act

**REPRESENTATIVE ACTION:**
11. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

CLASS ACTION COMPLAINT

PLAINTIFF IVONNE MONCERAT AVILA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1.     The Fair Labor Standards Act ("FLSA") authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b).  This Court has original federal question jurisdiction under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, jurisdiction over PLAINTIFF's state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed California Class, on one hand, and Defendants SWISSPORT SA, LLC ("SWISSPORT SA, LLC"), a Delaware limited liability company; SWISSPORT USA, INC. ("SWISSPORT USA, INC."), a Delaware corporation; and DOES 1 through 100, inclusive (collectively, "DEFENDANTS"), on the other, are citizens of different states.

2.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because DEFENDANTS are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PLAINTIFF

3.     PLAINTIFF IVONNE AVILA is a female resident of the State of California and a former non-exempt employee of DEFENDANTS who worked at DEFENDANTS' facilities located in and around Los Angeles International Airport in Los Angeles, California at times material to this Complaint.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2                                    CLASS ACTION COMPLAINT

4.     PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

5.     PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").   PLAINTIFF reserves the right to name additional class representatives.

## **DEFENDANTS**

6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT SWISSPORT SA, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware.  PLAINTIFF is further informed and believes, and thereon alleges, that Defendant SWISSPORT SA, LLC is authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT SWISSPORT SA, LLC, maintains offices and conducts business in the County of Los Angeles, State of California.

7.     PLAINTIFF is informed and believes, and thereon alleges, that

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3

CLASS ACTION COMPLAINT

DEFENDANT SWISSPORT USA, INC. is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that Defendant SWISSPORT USA, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT SWISSPORT USA, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

8.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

9.    At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

10.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

CLASS ACTION COMPLAINT

alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to: failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code, the California Business and Professions Code, and the applicable Industrial Welfare Commission ("IWC") wage order.

11.    PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

13.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.  Joinder of all current and former non-exempt employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Federal Labor Standards Act, the California Labor

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

CLASS ACTION COMPLAINT

Code, the applicable IWC wage order, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.    PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197;

### IWC Wage Order No. 9-2001, § 11]

### (Against all DEFENDANTS)

14.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 13.

15.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, to work through them, or to take meal periods starting later than the end of the fifth hour of work, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 9-2001, § 11.

16.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6

CLASS ACTION COMPLAINT

the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

17.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

18.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]

### (Against all DEFENDANTS)

19.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 18.

20.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

21.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

22.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

CLASS ACTION COMPLAINT

trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## **THIRD CAUSE OF ACTION**

### **Failure to Pay Overtime Wages**

### **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

### **(Against all DEFENDANTS)**

23.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 22.

24.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

25.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

8                                    CLASS ACTION COMPLAINT

PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

26.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

27.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 9-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]

### (Against all DEFENDANTS)

28.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 27.

29.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

30.    During the CLASS PERIOD, DEFENDANTS failed to pay

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9                                    CLASS ACTION COMPLAINT

PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

31.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

32.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 31.

33.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

34.    Furthermore, pursuant to California Labor Code § 202,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

CLASS ACTION COMPLAINT

DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

35. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

36. During the CLASS PERIOD, DEFENDANTS have failed to pay accrued wages and other compensation due immediately to PLAINTIFF and all CLASS MEMBERS who were discharged. Additionally, during the CLASS PERIOD, on information and belief, DEFENDANTS have failed to pay accrued wages and other compensation due within 72 hours to all CLASS MEMBERS who ended their employment with DEFENDANTS.

37. DEFENDANTS willfully failed and refused, and, on information and belief, continue to willfully fail and refuse, to timely pay accrued wages and other compensation due to PLAINTIFF and CLASS MEMBERS who were discharged and who quit, as required by Labor Code §§ 201 and 202.

38. As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in Labor Code § 203, together with interest thereon, as well as all other available remedies.

39. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 9-2001, § 7]**

**(Against all DEFENDANTS)**

40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 39.

41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

42.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 9-2001, § 7]**

**(Against all DEFENDANTS)**

43.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 42.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12

CLASS ACTION COMPLAINT

44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 9-2001, § 7.

45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures**

**Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 46.

48.    California Labor Code § 2802(a) requires an employer to indemnify an

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13                                    CLASS ACTION COMPLAINT

employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, in violation of California Labor Code § 2802.

50.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 50.

52.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

CLASS ACTION COMPLAINT

employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.    PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

CLASS ACTION COMPLAINT

of the jurisdiction of this Court.

## COLLECTIVE ACTION

## TENTH CAUSE OF ACTION

**Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act**

**[29 U.S.C. § 201 *et seq.*]**

**(Against All DEFENDANTS)**

57.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in Paragraphs 1 through 56.

58.     The FLSA, 29 U.S.C. § 201 *et seq.*, provides that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.

59.     The FLSA further provides that employees shall not be employed more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

60.     The FLSA requires, among other things, that employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce must pay employees the minimum wage for all time worked and overtime pay at their regular rate of pay. 29 U.S.C. §§ 206(a)(l) and 207(a)(l).   DEFENDANTS are subject to the requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

61.     PLAINTIFF and all similarly situated employees (the "COLLECTIVE CLASS") are victims of a uniform and company-wide compensation policy which, in violation of the FLSA, has been applied to all non-exempt employees who worked for DEFENDANTS in the State of California.

62.     DEFENDANTS have a uniform policy and practice of failing to pay

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16

CLASS ACTION COMPLAINT

PLAINTIFF and the COLLECTIVE CLASS wages and overtime compensation for all hours worked; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest periods; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; and failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period.

63.    DEFENDANTS have a class-wide policy and practice of failing to pay PLAINTIFF and CLASS MEMBERS overtime wages at their regular rate of pay.

64.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.  DEFENDANTS' unlawful conduct, as described herein, has been willful and intentional. DEFENDANTS were aware or should have been aware that their practices were unlawful.

65.    DEFENDANTS have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, PLAINTIFF and the COLLECTIVE CLASS are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

66.    By virtue of DEFENDANTS' unlawful failure to pay PLAINTIFF and members of the COLLECTIVE CLASS for all hours worked, including overtime, PLAINTIFF and the COLLECTIVE CLASS have suffered, and will continue to suffer, damages in amounts which are presently unknown to PLAINTIFF and members of the COLLECTIVE CLASS, but which will be ascertained according to proof at trial.  Accordingly, DEFENDANTS are liable for unpaid wages, together with an amount equal as liquidated damages, attorney's fees and costs of this

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

CLASS ACTION COMPLAINT

action.

## REPRESENTATIVE ACTION

## ELEVENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

67.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 13 and the subparagraphs thereto.

68.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

69.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210,  226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 9-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.  PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

70.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice by online filing on May 22, 2017 to the California Labor and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18

CLASS ACTION COMPLAINT

Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

71. Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

19

CLASS ACTION COMPLAINT

2698–2699.5;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel;

13.    For an order certifying that the Tenth Cause of Action may be maintained as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

14.    All unpaid wages and overtime compensation, and an additional and equal amount as liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b); and

///

///

///

///

///

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

20

CLASS ACTION COMPLAINT

15.    For such further relief that the Court may deem just and proper.

DATED: August 11, 2017

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:    */s/ Matthew J. Matern*

MATTHEW J. MATERN
TAGORE SUBRAMANIAM
Attorneys for Plaintiff IVONNE
MONCERAT AVILA, individually,
and on behalf of others similarly
situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

21

CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of

3   right by jury.

4

5    DATED: August 11, 2017            Respectfully submitted,

6                                      **MATERN LAW GROUP, PC**

7

8                            By:   */s/ Matthew J. Matern*

9                                  MATTHEW J. MATERN
                                   TAGORE SUBRAMANIAM
10                                 Attorneys for Plaintiff IVONNE
                                   MONCERAT AVILA, individually,
11                                 and on behalf of others similarly
12                                 situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

22

CLASS ACTION COMPLAINT